UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAVERN DOWNING

      Plaintiff,

v.                                                      Case No. 8:25-cv-2564-NHA

WAL-MART STORES EAST, LP, and
THE CITY OF WINTER HAVEN

      Defendants.

_____/

## ORDER DENYING MOTION FOR EARLY DISCOVERY

Plaintiff moves for permission to take limited early discovery from the City of Winter Haven, to seek evidence supporting his claim pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Doc. 58. Winter Haven opposes the motion. Doc. 60. I deny the motion.

Plaintiff seeks early discovery to enable him to plead sufficient factual detail to support his *Monell* claim against Winter Haven. Doc. 58 p. 2. He argues that, because "the evidence necessary to substantiate municipal policy, custom, prior complaints, and training practices is exclusively within the City's possession," early discovery is appropriate here. *Id.*

Under Rule 26(f), parties must confer as soon as practicable before a scheduling conference is held or a scheduling order is due. FED. R. CIV. P. 26(f)(1). Rule 26(d)(1) of the Federal Rules of Civil Procedure prohibits parties

from seeking discovery prior to an initial Rule 26(f) conference except in certain circumstances, including "by court order." FED. R. CIV. P. 26(f)(1).

The Court has "broad discretion" in the scheduling of discovery. *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001). Generally, courts reviewing motions for early discovery look at whether the movant has established "good cause" for the discovery. *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 615 (S.D. Fla. 2019) (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002)); *see also Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (adopting the good cause test because "in deciding on a matter merely of regulating the timing of discovery, it makes sense to examine the discovery request . . . on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.") (quotation omitted).

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *SCS Supply Chain LLC*, 330 F.R.D. at 615 (quoting *Semitool*, 208 F.R.D. at 276).

Here, the Court has not yet entered a scheduling order or otherwise directed the parties to begin discovery. Plaintiff does not establish good cause to obtain discovery at this point because he does not require evidence to plead

2

facts for which he has a good faith belief based on the evidence already known to him.

A party may plead facts based "upon information and belief" where the belief is based on facts that makes the inference of culpability plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that a Plaintiff needed only "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal[ity]." 550 U.S. 544, 556 (2007). Thus, "[t]he *Twombly* plausibility standard . . . does not prevent a plaintiff from 'pleading facts alleged upon information and belief' where the facts are peculiarly within the possession and control of the defendant . . . or where the belief is based on factual information that makes the inference of culpability plausible . . . ." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (citations omitted); *cf. Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013) (a pleading "on information and belief" is enough where facts are alleged to "nudge [a] claim" "across the line from conceivable to plausible.").

"As the Supreme Court has noted, however, 'the doors of discovery' do not unlock 'for a plaintiff armed with nothing more than conclusions.'" *Carter v. DeKalb Cnty., Ga.*, 521 Fed. App'x. 725, 728 (11th Cir. 2013) (unpublished)

3

(quoting *Iqbal*, 556 U.S. at 678-79). "Rather, discovery *follows* 'the filing of a well-pleaded complaint. It is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim.'" *Id.* (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)).

In this case, as explained in the Court's order dismissing the Second Amended Complaint, Plaintiff has failed to state a claim for *Monell* liability against Winter Haven. Doc. 62. Thus, he is not entitled to discovery to establish that claim. Rather, if the information known to Plaintiff allows him to infer in good faith facts that support a *Monell* claim, he may plead those facts upon information and belief in another amended complaint. If not, he may not plead them. *See Chudasama*, 123 F.3d at 1367 ("[Discovery] is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.") (quotation omitted).

Additionally, early discovery would prejudice Winter Haven. Plaintiff has not yet pleaded facts supporting any claim. Thus, it is not clear that discovery is inevitable in this case. And, while Plaintiff construes his request as "narrowly tailored," he seeks five years of Winter Haven's internal records regarding Internal Affairs investigations, training materials, and disciplinary records. Doc. 58 pp. 3-4. Compliance with such requests would impose non-negligible financial and logistical burdens on Winter Haven. Where Plaintiff has so far only supported his *Monell* claim with what appear to be guesses that

4

Winter Haven police officers have engaged in similar conduct before, he has not justified the cost and imposition of early discovery.

Because Plaintiff has not shown that the need for expedited discovery outweighs the prejudice to the responding party, I deny his motion for early discovery.

DONE and ORDERED on April 24, 2026.

NATALIE HIRT ADAMS
UNITED STATES MAGISTRATE JUDGE