UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAVERN DOWNING

Plaintiff,

v. Case No. 8:25-cv-2564-NHA

WAL-MART STORES EAST, LP, and
THE CITY OF WINTER HAVEN

Defendants.
_______________________________________/

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Defendants Wal-Mart Stores East, LP and the City of Winter Haven move to dismiss the Fourth Amended Complaint. Doc. 48, 55. Plaintiff opposes the motions. Docs. 71, 72. I grant the motions and dismiss this action with prejudice.

## I. Background

### a. Plaintiff's Allegations

In his five-count Fourth Amended Complaint, Plaintiff sues Wal-Mart and Winter Haven for alleged violations of his Fourth Amendment rights. Doc. 67.

Plaintiff alleges that, around August 12, 2025, while shopping in a Wal-Mart store for a shovel, he was seized by two Winter Haven police officers. Doc. 67 ¶¶ 9, 13–14. According to Plaintiff, his detention was based solely on the

accusations of a woman who had been detained on suspicion of shoplifting at the store. *Id.* ¶¶ 8–11. While detained, the woman spotted Plaintiff holding a shovel on a store surveillance video and told the officers that Plaintiff intended to assault her with the shovel. *Id.* ¶¶ 9–10. Specifically, she told the officers that Plaintiff was "coming to handle" her, and, when they asked what that meant, explained, "when you don't do what they say, they beat you with a shovel." *Id.* ¶ 11, p. 6. Plaintiff alleges that the woman who accused him had admitted to using methamphetamine and was visibly intoxicated, and that there was no other basis on which to suspect him of committing a crime or violating a Wal-Mart policy. *Id.* ¶¶ 8, 10–11.

Plaintiff alleges that Wal-Mart used its surveillance cameras to help officers detain Plaintiff, after which the two officers approached Plaintiff, accused him of "bringing a woman to Walmart," seized him, questioned him, and ordered him to come to a security room. *Id.* ¶ 13–14, pp. 6-7. Plaintiff asserts that someone informed him that he was not free to leave the room, and that unidentified Wal-Mart employees "participated in controlling access to and from the security room." *Id.* ¶ 15–16, p. 7.

Once in the room, Plaintiff alleges that he was presented to his intoxicated accuser, but she could not confidently identify him, saying only that he "looked kind of familiar." *Id.* ¶ 17. Then, a "John Doe #3" officer confirmed with Plaintiff's wife that he had come to Wal-Mart alone to buy a shovel. Doc.

67 p. 7. Nonetheless, Plaintiff claims that the officers continued to detain him in the back room. *Id.* ¶ 17. Plaintiff alleges that he was detained for a total of two hours in the Wal-Mart security room. *Id.* ¶¶ 16–17.

Plaintiff states that, after being detained for about two hours, he was released without being arrested, cited, or charged with a crime. *Id.* ¶ 18. He states that, as a result of the detention, he experienced embarrassment, distress, reputational harm, and harm to his personal relationships. *Id.* ¶ 19.

In Counts I and II, Plaintiff brings two claims pursuant to 42 U.S.C. § 1983 for alleged violations of his Fourth Amendment rights. *Id.* pp. 3–4. Plaintiff does not specify the Defendant against whom these claims are brought, but within the Counts, he describes the actions of "Officer John Doe #1" and "Officer John Doe #2," who are not named parties to this action. *Id.* In Count III, Plaintiff brings a municipal liability claim against Defendant City of Winter Haven, pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978), alleging the City is vicariously liable for its officers' violations of his Fourth Amendment rights because the officers' actions "were caused by policies, customs, practice, failures to train, or failure to supervise attributable to Defendant City of Winter Haven." *Id.* pp. 4–5. Plaintiff brings Counts IV and V against Defendant Wal-Mart for aiding and abetting in his unreasonable detention and false imprisonment. *Id.* pp. 5–6. Plaintiff seeks $400,000,000 in damages. *Id.* p. 1.

b. Procedural History

Plaintiff, who is proceeding without an attorney, filed his initial Complaint in this action in September 2025. Doc. 1. Before any Defendant appeared, the Court dismissed the Complaint as an impermissible shotgun pleading. Doc. 2.

Plaintiff then filed his First Amended Complaint, suing only Wal-Mart, and served Defendant Wal-Mart. Docs. 4, 5. Defendant Wal-Mart appeared in October 2025 and moved to dismiss the First Amended Complaint, arguing that it, too, was a shotgun pleading and that it failed to state a claim on which relief could be granted. Doc. 9. Before the Court ruled on Wal-Mart's first motion to dismiss, Plaintiff filed a new complaint without leave to do so, which complaint he served on the City of Winter Haven, although the unauthorized complaint again brought claims only against Wal-Mart. Docs. 11, 17. The City of Winter Haven moved to quash service of process (or, alternatively, to dismiss the complaint), and the Court granted the motion to quash, holding that Winter Haven was not yet a party to this action. Docs. 21, 28.

Plaintiff then sought leave to file a Second Amended Complaint. Doc. 27. The Court granted that motion, struck the unauthorized amended complaint, and denied as moot Wal-Mart's first motion to dismiss. Docs. 30, 31.

Plaintiff's Second Amended Complaint asserted state-law false imprisonment and aiding-and-abetting claims against Wal-Mart and Winter

Haven; a section 1983 claim against both Defendants; a *Monell* claim against Winter Haven; and a negligence claim against Wal-Mart. Doc. 33. Wal-Mart and Winter Haven both moved to dismiss the Second Amended Complaint for failure to state a claim on which relief could be granted. Docs. 48, 55.

After reviewing the motions to dismiss and Plaintiff's responses, the Court granted the motions to dismiss and dismissed the Second Amended Complaint without prejudice, holding that the Second Amended Complaint was an impermissible shotgun pleading, and that it failed to state a claim on which relief could be granted. Doc. 62. The Court granted Plaintiff leave to file a Third Amended Complaint, but warned Plaintiff that it would be his "final opportunity" to file a viable complaint in this case, and that failure to address the errors identified in the order would likely result in the action being dismissed with prejudice. Doc. 62 pp. 1, 24.

Plaintiff timely filed a Third Amended Complaint, and then, three days later, sought leave to amend again, to "clarify and streamline" his allegations. Docs. 64, 65. The Court granted that motion, giving Plaintiff one more chance to amend his complaint before Defendants responded, after which Plaintiff filed the Fourth Amended Complaint. Docs. 66, 67.

Both Defendants have moved to dismiss the Fourth Amended Complaint. Docs. 69, 70. It is each Defendant's third such motion. *See* Docs. 9, 48 (Wal-Mart's motions to dismiss the First and Second Amended Complaints); Doc. 21

(Winter Haven's motion to quash or dismiss the unauthorized amended complaint); Doc. 55 (Winter Haven's motion to dismiss the Second Amended Complaint). In its present motion, Winter Haven argues that the Fourth Amended Complaint does not state a claim against it because Plaintiff does not adequately allege a constitutional violation nor a policy or custom that caused it. Doc. 69. Meanwhile, Wal-Mart argues that Counts IV and V fail to state claims for aiding-and-abetting or false imprisonment, and that the Fourth Amended Complaint should be dismissed as an impermissible shotgun pleading. Doc. 70.

Both Defendants ask the Court to dismiss the Fourth Amended Complaint with prejudice. Doc. 69 p. 20; Doc. 70 p. 13. Plaintiff opposes the motions to dismiss. Docs. 71, 72.

## II. Motion to Dismiss Standard

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not include "detailed factual allegations" in the complaint, the requirement to demonstrate the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

These standards suggest a two-pronged approach for courts evaluating a motion to dismiss a complaint. *Id.* at 678–79; *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). First, a court should "eliminate any allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n*, 605 F.3d at 1290. While a court must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff, *Powell v. Thomas*, 643 F.3d 1300, 1302 (11th Cir. 2011), it need not consider "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678. Nor should it consider "a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Second, "where there are well-pleaded factual allegations, [a court should] assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Am. Dental Ass'n*, 605 F.3d at 1290 (internal quotation marks and citation omitted).

Courts in this Circuit must hold *pro se* complaints to "less stringent standards" than attorney-drafted pleadings, but "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citation omitted).

## III. Analysis

### a. Plaintiff's section 1983 Fourth Amendment claims (Counts I and II) do not state a claim against any Defendant.

Counts I and II, brought under section 1983, allege that "Officer John Doe #1, Officer John Doe #2, and other unidentified Winter Haven police officers seized and detained Plaintiff without probable cause," holding him for two hours, based only on the statements of an intoxicated witness who did not positively identify Plaintiff (Count I), and that, on that same basis, Officers John Doe #1 and #2 "intentionally restrained Plaintiff against his will," despite his requests to leave, constituting an "unlawful detention" (Count II). Doc. 67 pp. 3–4. While no Defendant is named in either of these Counts, both Counts appear to allege that individual Winter Haven Police officers violated Plaintiffs' Fourth Amendment rights. And while these facts might be sufficient to state a claim against individual officers, Plaintiff sues only the City of Winter Haven and Wal-Mart. No individual police officer has ever been named as a defendant or served in this action.

"A local government will be liable under § 1983 only for acts for which the local government is actually responsible." *Edwards v. Grubbs*, 179 F.4th 909, 929 (11th Cir. 2026) (cleaned up). Under *Monell*, a local government is only "actually responsible" for violating a plaintiff's constitutional rights, "when one of its policies, customs, or practices causes a constitutional injury." *Edwards*, 179 F.4th at 929. Neither Count I nor Count II discusses any of the policies, customs, or practices of Winter Haven or otherwise explains how Winter Haven would be responsible for these alleged constitutional violations. Thus, neither Count I nor Count II states a claim against any Defendant.

b. <u>Plaintiff does not plead facts sufficient to support his *Monell* Claim (Count III).</u>

In Count III, Plaintiff brings a *Monell* claim against the Winter Haven, alleging that the constitutional violations alleged in Counts I and II derived from Winter Haven's failure "to adequately train, supervise, discipline, or correct officers police officers regarding: (a) proper evaluation of witness credibility; (b) constitutional limitations governing investigative detentions; (c) probable cause requirements; (d) reliance on uncorroborated accusations from impaired individuals; and (e) continuation of detentions after exculpatory information arises." Doc. 67 p. 5.

To state a section 1983 claim against a municipality, a plaintiff must allege a specific policy, practice, or custom that was the moving force behind

the constitutional violation. *Monell*, 436 U.S. at 694. Absent a policy, a plaintiff is required to allege a widespread custom or practice, and a single incident of unconstitutional activity is insufficient. *Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1311 (11th Cir. 2011). At the pleading stage, a plaintiff can bring a "facially plausible" *Monell* claim against a municipal defendant by making allegations which "permit the reasonable inference that the city is liable for the misconduct alleged." *Hoefling v. City of Miami*, 811 F.3d 1271, 1281 (11th Cir. 2016) (quoting *Iqbal,* 556 U.S. at 678) (cleaned up).

Here, Plaintiff alleges that the "constitutional violations suffered by Plaintiff were caused by policies, customs, practices, failures to train, or failure to supervise attributable to Defendant City of Winter Haven." Doc. 67 p. 4. This allegation is "a formulaic recitation of the elements of a cause of action," which, under the Federal Rules "will not do," to support a claim. *Twombly*, 550 U.S. at 555. Plaintiff then refines his claim by listing topics on which he alleges Winter Haven failed to train its officers. Doc. 67 p. 5.

"In limited circumstances, a local government's decision not to train certain employees to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983. But a pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1328 (11th Cir. 2015)

(quoting *Connick v. Thompson,* 563 U.S. 51, 131 (2011)) (cleaned up). Here, Plaintiff alleges that Winter Haven failed to train its officers in evaluating witness credibility, recognizing constitutional restraints on detention, and evaluating probable cause, and that this failure to train constituted "deliberate indifference" to potential Fourth Amendment violations. Doc. 67 p. 5. He alleges this indifference was a "moving force" behind Plaintiff's constitutional injury. *Id.*

But Plaintiff does not present sufficient facts to support this theory. Plaintiff alleges that Winter Haven was put "on notice" of employees' unconstitutional practices in two former lawsuits brought in this district: *May v. Winter Haven Police Department, et al.*, 8:16-cv-01968-SDM-MAP, and *Reddon v. Calero*, 8:23-cv-00418-KKM-SPF. Doc. 67 p. 4. In *May*, the plaintiff asserted a section 1983 claim against the Winter Haven Police Department regarding his arrest for trespassing and for misusing the 911 emergency system, after he called 911 to report that an apple pie was withheld from his fast-food order. *See* 8:16-cv-01968-SDM-MAP, Doc. 7 p. 1. In *Reddon*, a plaintiff sued an individual Winter Haven officer for, *inter alia*, violations of her Fourth Amendment rights after the plaintiff was arrested for battery based solely on an allegedly unreliable witness statement. *See* 8:23-cv-00418, Doc. 19 pp. 5–6). However, each case Plaintiff cites was dismissed before the plaintiff served Winter Haven with the complaint. *See May*, 8:16-cv-01968, Doc. 7 (order

denying the motion to proceed *in forma pauperis* and dismissing the case before any defendant appeared); *Reddon*, 8:23-cv-00418, Doc. 24 (order dismissing the case for failure to prosecute after the plaintiff failed to timely serve the defendant). Thus, neither *May* nor *Reddon* can serve as a basis for Plaintiff's claim that Winter Haven had notice of a pattern of constitutional violations.

The Court notes that, in opposing Defendants' motions to dismiss, Plaintiff includes a plea for early discovery on the issue of *Monell* liability. *See* Doc. 71 pp. 8-9. Plaintiff previously moved for such discovery (Doc. 58) in a motion denied by the Court (Doc. 63). As the Court explained then, Plaintiff was permitted to "plead facts based 'upon information and belief' where the belief is based on facts that makes the inference of culpability plausible." Doc. 63 p. 3. However:

> "As the Supreme Court has noted . . . 'the doors of discovery' do not unlock 'for a plaintiff armed with nothing more than conclusions.'" *Carter v. DeKalb Cnty., Ga.*, 521 Fed. App'x. 725, 728 (11th Cir. 2013) (unpublished) (quoting *Iqbal*, 556 U.S. at 678-79). "Rather, discovery *follows* 'the filing of a well-pleaded complaint. It is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim.'" *Id.* (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)).

*Id.* pp. 3-4. And, here, Plaintiff has not yet filed a well-pleaded complaint sufficient to unlock discovery's doors.

Because Plaintiff's *Monell* claim does not allege facts sufficient to show that Winter Haven had notice of a need to better train its employees in the areas Plaintiff claims were deficient, Count III fails to state a viable claim.

c. Plaintiff cannot bring aiding and abetting section 1983 claims (Counts IV and V) against Wal-Mart.

In Counts IV and V, Plaintiff alleges that Wal-Mart aided and abetted Winter Haven's constitutional violations. Doc. 67 pp. 5–6. Plaintiff does not invoke section 1983 in Counts IV and V themselves, but he alleges cooperation in the "violation of [Plaintiff's] Constitutional rights," and recites the same elements of unreasonable detention and arrest addressed in his section 1983 claims. *Id.* Moreover, Plaintiff invokes no other cause of action or law in his allegations against Wal-Mart. The Court thus construes Counts IV and V as attempting to bring section 1983 claims against Wal-Mart itself, for assisting in the deprivations of his constitutional rights.

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he [ ] was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). "Only in rare circumstances can a private party be viewed as a "state actor" for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). Nonetheless, private parties may be considered state actors for section 1983 purposes if their conduct shows state action under one of three tests: "(1) the

public function test; (2) the state compulsion test; and (3) the nexus/joint action test." *Natl. Broad. Co., Inc. v. Commun. Workers of Am., AFL-CIO*, 860 F.2d 1022, 1026 (11th Cir. 1988).

Crucially, however, if a *corporate* private party is sued as a state actor under section 1983, they, too, become subject to the *Monell* rule: "A defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis." *Harvey*, 949 F.2d at 1129. In other words, even if a plaintiff shows that a private person is subject to state-actor liability, the plaintiff must adequately allege that the person's employer was responsible, through a policy or custom, for the individual defendant's constitutional tort. *See id.* at 1129–30 ("*Monell* involved a municipal corporation, but every circuit court to consider the issue has extended the holding to private corporations as well.") (collecting cases).

Here, assuming for the sake of argument that Plaintiff pleads sufficient facts to show that individual officers violated Plaintiff's constitutional rights and that there was sufficient collaboration between the police officers and Wal-Mart *employees* to suggest joint action subject to a 1983, Plaintiff would still have to clear the municipal liability requirements imposed by *Monell* to hold Wal-Mart itself responsible for any constitutional harms. *Harvey*, 949 F.3d at 1129–30; *see also Edwards v. Acadia Realty Tr., Inc.,* 141 F. Supp. 2d 1340, 1347–48 (M.D. Fla. 2001) ("[A] corporation may [only] be held liable for the

unconstitutional acts of employees where there is a policy, custom, or action by those who represent official policy which causes the injury."), *aff'd sub nom.* 31 Fed. App'x. 936 (11th Cir. 2002); *Scutieri v. Est. of Revitz*, 683 F. Supp. 795, 800 (S.D. Fla. 1988) ("[A]s a matter of law, a private corporation cannot be liable strictly on the basis of a *respondeat superior* theory under Section 1983."). But Plaintiff does not present facts showing that Wal-Mart has a policy, practice, or custom that contributed to the alleged Fourth Amendment violations.

For this reason, Plaintiff's aiding and abetting claims against Wal-Mart (Counts IV and V) cannot proceed.

## IV. Conclusion

For the reasons stated above, Defendants motions (Docs. 69, 70) are granted, and Plaintiff's Fourth Amended Complaint is dismissed.

Plaintiff has not sought leave to amend for a fifth time. Moreover, Defendants have now filed multiple successful dismissal motions, after which Plaintiff has been unable to plead viable claims. Although the Court is mindful of the limitations inherent in proceeding in federal court without a lawyer, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Cummings v. Dept. of Corrections*, 757 F.3d 1228, 1234 (11th Cir. 2014) (quoting *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. Nov.1981). Accordingly, Plaintiff's complaint is

dismissed with prejudice, meaning that he may not file another amended complaint in this action.[1]

ORDERED on August 12, 2026.

Natalie Hirt Adams

NATALIE HIRT ADAMS
United States Magistrate Judge

---

[1] Although this means that Plaintiff cannot bring similar claims arising out of the same event against Wal-Mart or Winter Haven, this order does not serve as a bar to Plaintiff bringing related claims against other defendants, in a separate lawsuit. The Court expresses no opinion on the viability of any such claims.